# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PATRICIA SHIPPLEY, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| LOANDEPOT.COM, LLC, a foreign company doing business in Washington State, | |
| Defendant. | |

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:**

1. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant loanDepot.com, LLC ("loanDepot") hereby removes this action to this Court from the Superior Court of the State of Washington for King County ("Superior Court") to the United States District Court for the Western District of Washington. As set forth below, removal is proper pursuant to the Class Action Fairness Act of 2005 ("CAFA").

NOTICE OF REMOVAL
CASE NO.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

## I. BACKGROUND

2. On or about May 9, 2024, Plaintiff Patricia Shippley ("Plaintiff") filed a complaint ("Complaint") in the Superior Court, initiating the action entitled *Patricia Shippley v. loanDepot.com, LLC*, and assigned Case No. 24-2-10416-0 SEA ("Superior Court Action"). On May 10, 2024, loanDepot.com, LLC was served with the Complaint via process server.

3. Pursuant to 18 U.S.C. § 1446(a) and Local Civil Rule 101(b), true and correct copies of all process, pleadings, and orders served upon loanDepot in the Superior Court Action, including: the Complaint; Civil Case Cover Sheet; Order Setting Civil Case Schedule; Summons; Certificate of Service of the Summons and Complaint; the parties' Stipulation to Extend loanDepot's Time to Respond to the Complaint; the Notice of Appearance of Christopher B. Durbin; and the Proof of Service of Mr. Durbin's Notice are attached as **Exhibits A through H** to the accompanying Declaration of Christopher B. Durbin ("Durbin Decl.") filed concurrently herewith. loanDepot is unaware of any other process or pleading in the Superior Court Action.[1]

## II. VENUE

4. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location where the Superior Court Action is pending. The King County Superior Court is located within the geographic scope of the United States District Court for the Western District of Washington. 28 U.S.C. § 128(b).

## III. REMOVAL IS TIMELY

5. Defendant was served with the Complaint on May 10, 2024. (Durbin Decl. ¶ 2(a).) This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days after service was completed. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

---

[1] loanDepot has not yet filed an answer or otherwise responded to Plaintiff's Complaint.

NOTICE OF REMOVAL
CASE NO.                                           2

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

## IV. GROUNDS FOR REMOVAL

6. Removal is proper and this Court has subject matter jurisdiction over all claims asserted against loanDepot pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

7. Plaintiff's Complaint alleges claims arising out of a cybersecurity attack suffered by loanDepot in January 2024, including: (i) negligence, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violations of the Washington Consumer Protection Act, RCW 19.86.020 ("WCPA").

8. Plaintiff seeks damages, including actual, nominal, statutory, consequential, and punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. (Durbin Decl., Ex. A at Prayer for Relief.) She also seeks extensive injunctive relief, including a demand for seventeen specific remedial actions the Court should require loanDepot to undertake, many of which, if granted, would require loanDepot to engage third-party providers on an ongoing basis, and at significant cost.

9. Under CAFA, federal courts have original jurisdiction over class actions where the putative class contains at least 100 members; any member of the putative class is a citizen of a state different from that of any defendant; and the amount in controversy exceeds $5 million in the aggregate for the entire class, inclusive of attorneys' fees, but not interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

10. Solely for purposes of meeting the jurisdictional requirements for removal, loanDepot submits that this action satisfies all requirements for federal jurisdiction under CAFA, including because: (i) the case is a class action and involves a putative class of more than 100

NOTICE OF REMOVAL
CASE NO.                                   3

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

members; (ii) there is minimal diversity of citizenship; and (iii) the amount in controversy exceeds the sum or value of $5,000,000 in aggregate for the putative class.  *See* 28 U.S.C. § 1332(d).[2]

### A.  This Action Is a "Class Action," Involving More Than 100 Members.

11.  CAFA defines the term "class action" to include: "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ."  28 U.S.C. § 1332(d)(1)(B).

12.  Plaintiff filed the State Court Action as a putative class action under Washington state law, including Washington's Civil Rule 23.  (*See* Durbin Decl., Ex. A at 1 (titled "Class Action Complaint"); *id.* ¶ 1 ("Plaintiff brings this class action . . . ."); *id.* ¶¶ 102-112 (listing Plaintiff's class allegations).)  She seeks to represent a class defined to include "[a]ll individuals residing in Washington whose Private Information was compromised in the Data Breach disclosed by LoanDepot.com, LLC in February 2024." (*Id.* ¶ 102.)  Plaintiff further alleges that "[t]he proposed Class consists of thousands of members," (*id.* ¶ 106) clearly exceeding 100 members.  28 U.S.C. § 1332(d)(5)(b).

13.  In fact, loanDepot has a good-faith basis to believe that the data of over 500,000 Washington residents was impacted in the breach.  (Declaration of Michael Brown, filed concurrently herewith ("Brown Decl.") ¶ 2.)  There should thus be no dispute that the putative class totals well over the requisite 100 members.

### B.  Minimal Diversity Exists Between Defendant and the Putative Class.

14.  Minimal diversity is present when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

---

[2] For the avoidance of doubt, loanDepot denies any and all liability as to the claims of Plaintiff and the putative class members, and expressly reserves all rights and defenses, including its right to file motions challenging the pleadings.

NOTICE OF REMOVAL
CASE NO.                                             4

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

15. loanDepot is organized as a limited liability company, (Declaration of Hala Tadros, filed concurrently herewith ("Tadros Decl.") ¶ 2, Ex. A), and is thus categorized as an "unincorporated association" in the context of removal. *See City of E. St. Louis, Ill. v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) ("[O]nly a corporation (or its equivalent in other legal systems) counts as incorporated, and every other kind of entity is treated as a partnership for jurisdictional purposes."); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702–03 (4th Cir. 2010) ("[T]he Supreme Court has often characterized any business entity that is not a corporation as an 'unincorporated association.'" (citation omitted)).

16. For purposes of determining citizenship under CAFA, an unincorporated association has been held to be a citizen of the state where it has its principal place of business and under whose laws it is organized.[3] 28 U.S.C. § 1332(d)(10); *see also Hernandez v. Pure Health Rsch. LLC*, No. 23-CV-00971-BAS-DEB, 2023 WL 7029213, at *3 (S.D. Cal. Oct. 25, 2023) ("[I]n a CAFA case, where a party is an LLC, the LLC's citizenship shall be the State under whose laws it is organized and the State where it has its principal place of business."); *Jabour v. Hickam Cmtys., LLC*, No. CV 24-00001 LEK-KJM, 2024 WL 2272715, at *8 (D. Haw. May 20, 2024) ("[C]ourts treat LLCs as unincorporated associations under CAFA, so they are citizens of the states under whose laws they are organized and the states where they have their principal places of business."); Federal Diversity Jurisdiction, 2 Ribstein and Keatinge on Ltd. Liab. Cos. § 13:7 ("Under CAFA, an LLC is a citizen of the state where it is organized and the state where it has its principal place of business, not the state(s) where each of its members is a citizen."). Likewise, an

---

[3] loanDepot has not identified any controlling Ninth Circuit authority considering this issue, but at least the Fourth and Seventh Circuits have found that in CAFA cases, an LLC's membership "is treated like a corporation under § 1332(c)(1): one citizenship for the state of its principal place of business, another for the state of its organization, and the investors' citizenship ignored." *City of E. St. Louis, Ill.*, 83 F.4th at 1071; *see also Ferrell*, 591 F.3d at 699–700. The Ninth Circuit's Judge Kleinfeld similarly reasoned that a limited partnership should be treated as an unincorporated association under CAFA. *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 & n.13 (9th Cir. 2009) (Kleinfeld, J. concurring).

individual person's "state citizenship is then determined by her state of domicile[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

17. As evidenced by loanDepot's publicly available corporate registrations, the company is organized under the laws of Delaware and maintains its principal place of business at 6561 Irvine Center Drive, Irvine, California. (Tadros Decl. ¶¶ 2-4, Ex. A; *see also* Durbin Decl., Ex. A ¶ 26 ("Defendant LoanDepot is a United States-based retail mortgage lender and nonbank retail loan originator, headquartered in California.").) And Plaintiff alleges that she is a citizen of Kitsap County, Washington (Durbin Decl., Ex. A ¶ 25), and seeks to represent a putative class of other Washington residents. (*Id.* ¶ 102.)

18. Thus, Plaintiff's residence in Washington, and loanDepot's California and Delaware citizenship, satisfies CAFA's minimal diversity requirement.

**C.     This Action Meets CAFA's Amount-in-Controversy Requirement.**

19. Based on the Complaint's allegations, the amount in controversy also exceeds $5 million. 28 U.S.C. § 1332(d)(2). Though loanDepot denies that Plaintiff's claims have merit and disputes that Plaintiff is entitled to any of the sums or other relief sought in the Complaint, the amount-in-controversy analysis considers the total amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (CAFA's amount in controversy requirement refers to the "amount at stake" in the litigation – this "does not mean likely or probable liability; rather, it refers to *possible* liability." (citation omitted)); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). Specifically, the amount in controversy includes damages "compensatory, punitive, or otherwise[], and the cost of complying with an injunction, as well as attorneys' fees awarded under fee-shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). Plaintiff's allegations—if

NOTICE OF REMOVAL
CASE NO.                                    6

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

1  accepted—easily place over $5 million in controversy, exclusive of interest and costs. *See Lewis*, 627 F.3d at 399 ("In determining the amount [in controversy], we first look to the complaint.").

20. To determine whether it has jurisdiction, the Court must add up the value of the claims of all persons (named or unnamed) who fall within the definition of the "proposed" class and determine whether the resulting sum exceeds $5 million. 28 U.S.C. § 1332(d)(6), (d)(1)(D).

21. To support removal, a removing defendant need only plausibly allege that the amount in controversy exceeds CAFA's threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). This burden "is not daunting," and "a removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *Dawsey v. Travelers Indem. Co.*, No. 3:15-cv-05188-RBL, 2015 WL 4394545, at *2 (W.D. Wash. July 16, 2015) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)). As discussed, the amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *2 (W.D. Wash. Oct. 1, 2019) (citation omitted).

22. Though Plaintiff has not specified the amount of relief she seeks—and without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief—the allegations, and the reasonable inferences and deductions drawn therefrom, show that Plaintiff has placed over $5 million "in controversy." On behalf of herself, and a putative class of over 500,000 individuals, Plaintiff seeks: "monetary relief, including actual damages and penalties" (Durbin Decl., Ex. A at 34); "nominal, statutory, consequential, and punitive damages" (*id.* at 37); attorneys' fees, costs, and expenses (*id.*); and pre- and post-judgment interest (*id.*). While the Complaint does not identify any specific actual damage amounts suffered by Plaintiff or any putative class member, it seeks disgorgement of "all unlawful or inequitable proceeds that [loanDepot] received because of its misconduct" and/or to recover damages based on the "deprivation of the value of their Private

Information[.]" (*Id.* ¶¶ 181, 191.) Its allegations further suggest that such "proceeds" for an individual's private information may range from $40 to $200. (*Id.* ¶ 75.) Even taking the low end of this range, Plaintiff's allegations put at least $20,000,000 in controversy, far surpassing the $5 million threshold.[4]

23. What is more, the Complaint also seeks damages under the WCPA, which authorizes a court, in its discretion, to "increase the award of damages up to an amount not to exceed three times the actual damages sustained [provided that] such increased damage award . . . may not exceed twenty-five thousand dollars[.]" RCW 19.86.090. Since Plaintiff explicitly requests treble damages under this section, presumably up to the statutory maximum of $25,000 per plaintiff and putative class member (*see* Durbin Decl., Ex. A ¶ 193), this amount is properly included in the calculation of the amount in controversy for removal purposes. *See Sinclair v. USAA Cas. Ins. Co.*, No. 3:22-cv-05263-DGE, 2022 WL 3098307, at *3 (W.D. Wash. Aug. 4, 2022) (holding that because "Plaintiff specifically requests treble damages, which presumably includes treble damages up to $25,000 under Plaintiff's CPA claim," the amount in controversy was met even where a specific damages amount was not alleged). Here, even if less than 1% of the total putative class recovered the maximum statutory damages available under the WCPA, the total damages for this claim alone would exceed $5 million.

24. Plaintiff's Complaint also seeks expansive injunctive relief, which should also be considered in determining the amount in controversy. *Gonzales*, 840 F.3d at 648. Such injunctive relief includes relief that would require loanDepot to engage third-party service providers on an ongoing basis at substantial expense. For example, Plaintiff seeks to require loanDepot to "engage independent third-party security auditors/penetration testers" to conduct testing; "engage independent third-party security auditors and internal personnel to run automated security monitoring"; "meaningfully educate all Class Members about the threats that they face . . . as well

---

[4] $40 x 501,072 class members = $20,042,880.

NOTICE OF REMOVAL
CASE NO.                                        8

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

as the steps affected individuals must take to protect themselves"; and, for "a period of 10 years," to appoint "a qualified and independent third-party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Defendant's compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the Class, and to report any deficiencies with compliance of the Court's final judgment." (Durbin Decl., Ex. A at Prayer for Relief.)  The cost of complying with Plaintiff's requested injunction—including the costs of engagement of independent third-party security auditors, assessors, trainers, etc. takes the amount in controversy even higher.

25.     Finally, Plaintiff also seeks an award of attorneys' fees, including under the WCPA. (*Id.*)  It is well-settled that claims for attorneys' fees are to be included in the amount in controversy. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Mykland v. CommonSpirit Health*, No. 3:21-CV-05061-RAJ, 2021 WL 4209429, at *2 (W.D. Wash. Sept. 16, 2021) ("The amount in controversy includes damages and, if authorized by statute or contract, attorney's fees.").  The WCPA authorizes recovery of attorneys' fees.  RCW 19.86.090.

26.     The attorneys' fee "benchmark" in the Ninth Circuit is 25 percent of the total amount in controversy. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'benchmark' percentage for the fee award should be 25 percent." (citation omitted)).  The inclusion of an additional 25% in attorneys' fees places the amount in controversy even higher.  loanDepot denies that any such attorneys' fees are owed to Plaintiff or the putative class, and reserves the right to contest the application of a 25% benchmark in this case.  But, for purposes of this jurisdictional analysis only, loanDepot relies on Plaintiff's allegations that attorneys' fees are owed.  Applying the 25%

NOTICE OF REMOVAL
CASE NO.                               9

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

benchmark to the allegations in the Complaint, Plaintiff's request for attorneys' fees places at least an additional $5,010,720 in controversy, for a total of $25,053,600.[5]

### D. No Jurisdictional Exceptions Apply.

27. Through her Complaint, Plaintiff attempts to invoke exceptions to CAFA removal under subsections (d)(4)(A) and (B), which provide that a Court must decline jurisdiction when certain criteria are met, including where two-thirds of the proposed class are citizens of the state in which the action was originally filed (i.e., the so-called "home state" exception). (Durbin Decl., Ex. A ¶ 24.) These exceptions, however, require that a defendant be a citizen of the state where the case was filed. *See* 18 U.S.C. §§ 1332(d)(4)(A)(i)(II)(cc); (d)(4)(B).

28. As discussed above, the Superior Court action was filed in Washington, and loanDepot is a citizen of California and Delaware. Thus, there is no basis to apply either exception here.

29. Plaintiff's allegation that "Defendant is registered to conduct business, and regularly transacts business, within Washington" (Durbin Decl., Ex. A. ¶ 24) does not change this result. *See Salmon v. Bank of Am. Corp.*, No. CV-10-446-RMP, 2011 WL 2174554, at *3 (E.D. Wash. May 25, 2011) (rejecting argument that certain defendants were citizens of Washington because they were registered to do business in the state, and finding complete diversity existed as to claims brought by a Washington plaintiff); *Taylor v. Unigard Ins. Co.*, No. C14-1654-JCC, 2015 WL 12977379, at *2 (W.D. Wash. Jan. 6, 2015) (rejecting the argument that an entity is a Washington citizen because it maintains a registered agent in Washington); *Mueller v. Clarke*, No. SACV 20-01401-CJC(ADSx), 2020 WL 5759122, at *2 (C.D. Cal. Sept. 28, 2020) (holding registration with California Secretary of State was insufficient to confer citizenship).

30. Additionally, the exception set forth in subsection (d)(4)(A) requires that "during the 3-year period preceding the filing of that class action, no other class action has been filed

---

[5] $20,042,880 [as calculated in note 4, *supra*, based on the lowest value in the range alleged by Plaintiffs] x 0.25 = $5,010,720.

NOTICE OF REMOVAL
CASE NO.                                    10

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 18 U.S.C. § 1332(d)(4)(A)(ii). Here, however, at least one other class action has previously been filed against the same defendant over the same factual allegations. *See Hunter v. loanDepot.com, LLC*, Case No. 4:24-cv-00239 (W.D. Mo. filed Apr. 2, 2024).

## V. NOTICE

31. Upon filing the Notice of Removal, loanDepot will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court, as required under 28 U.S.C. § 1446(d).

32. Defendant has paid the required removal fee to the Clerk of the Court.

33. This Notice of Removal is signed pursuant to and complies with Rule 11 of the Federal Rules of Civil Procedure.

## VI. CONCLUSION

34. **WHEREFORE**, loanDepot respectfully removes this action from the Superior Court of Washington to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and respectfully requests that this Court assume full jurisdiction over the cause here, as provided by law, as an action properly removed and issue all necessary orders and process.

35. If the Court considers a remand, loanDepot requests the Court issue an order to show cause why the case should not be remanded, allowing the parties to present briefing and argument before any remand. This procedure is appropriate because, pursuant to 28 U.S.C. § 1447(d), a remand order is not subject to appellate review.

NOTICE OF REMOVAL
CASE NO.                               11

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

Dated: June 7, 2024

/s/ Christopher B. Durbin
Christopher B. Durbin (WSBA No. 41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA 98101-1355
Tel: (206) 452-8700
Fax: (206) 452-8800
Email: cdurbin@cooley.com

Attorneys for Defendant

NOTICE OF REMOVAL
CASE NO.                                    12

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700