THE HONORABLE TANA LIN

# UNITED STATES DISTRICT COURT,
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PATRICIA SHIPPLEY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOANDEPOT.COM, LLC, a foreign company doing business in Washington State,<br><br>　　　　　Defendant. | Case No. 2:24-cv-00813-TL<br><br>**STIPULATED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; (PROPOSED ORDER)**<br><br>Note on Motion Calendar: June 20, 2024 (without oral argument) |

Plaintiff Patricia Shippley, individually and on behalf of all others similarly situated ("Plaintiff"), and Defendant loanDepot.com, LLC ("loanDepot") (collectively referred to as "Parties"), by and through their undersigned counsel, jointly bring this stipulated motion to transfer this action to the United States District Court for the Central District of California ("Central District of California") pursuant to 28 U.S.C. § 1404)(a) and Local Civil Rule 7(d)(1).[1]

On May 9, 2024, Plaintiff filed a complaint against loanDepot in the Superior Court of the State of Washington for King County, and the matter was assigned Case No. 24-2-10416-0. On June 7, 2024, loanDepot removed this action to the United States District Court for the Western District of Washington. (Dkt. No. 1.)

Nearly five months prior to the filing of Plaintiffs' Complaint, on January 19, 2024, a related case alleging claims arising out of a cybersecurity incident experienced by loanDepot in January 2024, captioned *Isaiah v. loanDepot, Inc.*, Case No. 8:24-cv-00136, was filed in the Central District of California. Since that time, the *Isaiah* action has been consolidated with twenty-one other class actions in the Central District of California, before Judge David O. Carter. *In re loanDepot Data Breach Litigation*, Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.) (the "Consolidated Action").

Pursuant to 28 U.S.C. § 1404(a), this Court may transfer a civil action for "the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where [the action] might have been brought or to any district or division to which all parties have consented." Transfer is appropriate here for multiple, independently sufficient reasons.

*First*, this Court may transfer this action to the Central District of California because the action may have been brought there in the first instance. Venue is proper in the Central District of California because loanDepot resides in that judicial district, having its principal place of business

---

[1] Defendant makes this stipulated motion while reserving all rights to challenge the claims asserted against it on any and all grounds, including, without limitation, all jurisdictional, substantive, and procedural rights and defenses it has with respect to any claim that Plaintiffs has asserted.

STIPULATION TO TRANSFER VENUE
CASE NO. 2:24-CV-00813-TL

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

in Irvine, California. (Dkt. No. 1 ¶ 17; Dkt. No. 1-3 (Ex. A) ¶ 25.) The Central District of California has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d). (*See* Dkt. No. 1.) As evidenced by the twenty-one cases already consolidated in Central District of California, Plaintiff could have brought the action there.[2]

*Second*, the Court may transfer this action pursuant to the first-to-file rule, which permits a district court to transfer an action when a complaint involving the same parties and issues has already been filed in another district. *See Franzetti v. Pac. Mkt. Int'l LLC*, No. 2:24-CV-00191-TL, 2024 WL 1832470, at *2 (W.D. Wash. Apr. 26, 2024) (Lin, J.). While the precise causes of action alleged vary across the complaints, the plaintiffs in the Consolidated Action purport to represent nationwide classes of individuals, including impacted Washington residents, who seek damages and other relief in connection with the January 2024 cybersecurity incident, including for alleged breaches of common-law, statutory, and contractual duties to reasonably protect consumer data. The parties in the two actions are substantially similar given that plaintiffs have proposed overlapping classes, and the defendants are related as parent (loanDepot, Inc.) and indirect subsidiary (loanDepot).

*Third*, the interests of justice favor transfer, as it would preserve judicial resources and promote judicial efficiency by avoiding duplicative litigation and further the convenience of the parties, including because many of the relevant witnesses, records, and documents are located in Irvine, California, within the Central District of California.

*Finally*, the Parties have conferred and agree to transfer this matter to the Central District of California.

For the reasons set forth above, the Parties respectfully request transfer of this action to the

---

[2] At least one of the consolidated cases, *Boykin, et al. v. loanDepot, Inc.*, Case No. 8:24-cv-01119 (C.D. Cal.), was originally filed in the Northern District of Illinois, Case No. 1:24-cv-2583. The parties stipulated to transfer the action to the Central District of California under 28 U.S.C. § 1404(a), and transfer was ordered on May 21, 2024. (N.D. Ill. Case No. 1:24-cv-2583, Dkt. No. 14.) Once transferred, the case was assigned to Judge Carter and consolidated with the Consolidated Action *sua sponte*. (C.D. Cal. Case No. 8:24-cv-01119, Dkt. No. 25.)

STIPULATION TO TRANSFER VENUE
CASE NO. 2:24-CV-00813-TL

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

1  Central District of California.

2      Respectfully submitted this 20th day of June, 2024.

3

4  EMERY | REDDY, PLLC            COOLEY LLP

5  By: */s/ Timothy W. Emery*           By: */s/ Christopher B. Durbin*
     Timothy W. Emery, WSBA No. 34078     Christopher B. Durbin, WSBA No. 41159
6     Patrick B. Reddy, WSBA No. 34092      1700 Seventh Avenue, Suite 1900
     Brook E. Garberding, WSBA No. 37140   Seattle, WA 98101-1355
7     Paul Cipriani, WSBA No. 59991         Phone: (206) 452-8700
     600 Stewart Street                      Fax: (206) 452-8800
8     Seattle, WA 98101                   cdurbin@cooley.com
     Phone: (206) 442-9106
9     Fax: (206) 441-9711                *Attorneys for Defendant loanDepot.com,*
     emeryt@emeryreddy.com            *LLC*
10    reddyp@emeryreddy.com
     brook@emeryreddy.com
11    paul@emeryreddy.com

12    *Attorneys for Plaintiff Patricia Shippley*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION TO TRANSFER VENUE                                                                COOLEY LLP
CASE NO. 2:24-CV-00813-TL                                                            1700 SEVENTH AVE., SUITE 1900
                                                                                                     SEATTLE, WA 98101-1355
                                                                                                                 +1 206 452 8700

## ORDER

THIS MATTER came before the Court on the Stipulated Motion to Transfer to the United States District Court for the Central District of California by Plaintiff Patricia Shippley, individually and on behalf of all others similarly situated ("Plaintiff"), and Defendant loanDepot.com, LLC ("loanDepot"), pursuant to 28 U.S.C. § 1404(a). The Court has reviewed and considered stipulated motion and the pleadings and papers of record, and notes that the parties have stipulated to the requested relief.

Based on at least the foregoing, the Motion is GRANTED; as soon as is practicable, the Clerk of Court shall take all actions necessary to effectuate the transfer of this matter to the United States District Court for the Central District of California.

IT IS SO ORDERED.

DATED this 20th day of June, 2024.

Tana Lin
United States District Judge

Order on Stipulation to Transfer venue
Case No. 2:24-cv-00813-TL